AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

NORTHERN _____ DISTRICT OF CALIFORNIA

JUN 1 2 2007

CLERK
NORTHERN DISTRICT OF COURT
SAN JOSE CALIFORNIA

UNITED STATES OF AMERICA

V.

Khanh Dang Vu and Lam Thanh Nguyen

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: CR07-70337PVT

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about  June, 2007  in  Santa Clara  county, in the  Northern  District of  California  defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally conspire to possess with intent to distribute 3,4, Methylenedioxymethamphetamine, commonly known as MDMA, or Ectasy

in violation of Title  21  United States Code, Section(s)  841(a)(1) and 846

I further state that I am a(n)  Special Agent, DEA  and that this complaint is based on the following
                                    Official Title
facts:

SEE ATTACHMENT

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

Approved As To Form: _____
AUSA: CARLOS SINGH

_____
Name/Signature of Complainant:

Sworn to before me and subscribed in my presence,

6/12/07                                    at    SAN JOSE, CALIFORNIA
Date                                                 City and State

U.S. MAGISTRATE PATRICIA V. TRUMBULL          Patricia V. Trumbull
Name & Title of Judicial Officer                    Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

Attachment to Criminal Complaint

**Count One**:

In and about June 2007, in the Northern District of California and elsewhere, the defendants, Khanh Dang VU and Lam Thanh NGUYEN did knowingly and intentionally conspire to possess with intent to distribute 3,4 Methylenedioxymethamphetamine, commonly known as MDMA, or Ecstasy, in violation of 21 U.S.C. Sections 841(a)(1) and 846.

**Maximum Penalties**:
20 years imprisonment
$250,000 fine
3 years supervised release
$100.00 special assessment

# AFFIDAVIT OF MATTHEW RAMMES IN SUPPORT OF COMPLAINT

I, Matthew W. Rammes, being duly sworn, state the following:

1. I make this Affidavit in support of a complaint charging Khanh Dang VU and Lam Thanh NGUYEN, with conspiracy to possess with intent to distribute Methylenedioxymethamphetamine, commonly known as MDMA, or Ecstasy, in violation of 21 U.S.C. Sections 841(a)(1) and 846.

2. The statements contained in this Affidavit are based, in part, upon my own personal knowledge, but are also based upon information provided to me by other law enforcement officers. Because this Affidavit is for the limited purpose of setting forth probable cause for the requested complaint, I have not necessarily included every fact known to me through this investigation. I have set forth those facts I deem necessary to establish probable cause to believe that the above-mentioned violation has been committed and that the above named persons committed it. For the purposes of this affidavit, the court should assume that a confidential source has pled guilty to a crime.

## Affiant's Background

3. I am a Drug Enforcement Administration (DEA) Special Agent currently assigned to the San Jose Resident Office. As a Special Agent with the DEA, my investigations focus on large-scale narcotic offenders. I have been a Special Agent since May 13, 2005. Prior to my employment with DEA, I was a police officer with the St. Louis County Police Department for approximately three years. During my employment as a police officer, I dealt with various drug offenses and drug offenders. During this time, I discussed offenders' involvement in drug trafficking methods, modes and means of transportation, prices, and quality of drugs. Since being employed by the DEA, I conservatively estimate that I have been involved in at least 30

1

drug investigations, in the arrest of over 50 drug trafficking violators, and that, on at least 30 occasions, I have been involved in searches of residences in connection with drug investigations. As a result of my training and experiences, I am familiar with how various drugs, including MDMA, are used and the typical distribution and trafficking methods used by drug dealers and traffickers. I am also familiar with the various methods generally utilized by traffickers to transport drugs in and through the state of California.

### Facts Supporting Probable Cause

4.      In early June 2007, I began investigating VU for possession of MDMA with intent to distribute. During monitored meetings between VU and a confidential source (hereafter referred to as CS), VU negotiated the sale of thousand-pill quantities ("boats") of MDMA to the CS. During these conversations, VU stated that he was willing to sell one boat for $2500 or $2700 depending upon the quality of the MDMA.

5.      On June 6, 2007, the CS met with VU at a coffee shop located at Capitol Expressway and Tully Road in south San Jose, California. During this meeting, the CS and VU had a conversation regarding the CS making future purchases of MDMA from VU. During this conversation, VU advised the CS that he could provide him/her two types of MDMA tablets. VU stated that he would sell the CS the lesser quality tablets for $2500 per "boat" and would sell the higher quality tablets for $2700 per "boat". VU stated that the higher quality tablets had the imprint of a "bat" on them while the lesser quality tablets had the imprint of a penis. VU also stated that he could provide the CS with "Super K", which is a street name for Ketamine. During this meeting, VU provided the CS with five brown colored tablets with a penis imprinted on them as well as a small plastic bag containing a white powdery substance. The pills given to the CS field tested positive for the presence of MDMA.

2

6. On June 8, 2007, SA Rammes met with the CS. During this meeting, the CS spoke telephonically with VU. During this conversation, the CS and VU again spoke about the availability, prices, and physical descriptions of the MDMA tablets the CS wished to purchase. VU assured the CS that he would be able to supply the CS with five (5) "boats" of MDMA on Monday June 11, 2007.

7. On Sunday June 10, 2007, the CS and VU had two telephonic conversations. During these conversations, VU advised the CS that he needed to take a friend to the airport on Monday June 11, 2007, but could meet at approximately 12:30 PM.

8. On Monday June 11, 2007 at approximately 11:00 AM, the CS placed an outgoing telephone call to VU at telephone number 408-712-2229. During this conversation, VU advised the CS that he would meet her in one to two hours because he was still at San Francisco International Airport dropping his friend off.

9. On June 11, 2007, at approximately 12:00 PM, agents established surveillance in the area of 2990 East Capitol Expressway, San Jose, California. At approximately 12:34 PM, the CS placed an outgoing telephone call to VU at 408-712-2229. During this call, VU advised the CS that he was approximately one hour away from the meet location. At approximately 1:11 PM, the CS drove and parked in the shopping plaza parking lot located at 2990 East Capitol Expressway, San Jose, California. At approximately 1:56 PM, DEA agents observed VU walking westbound through the parking lot. VU walked to the CS's vehicle and got into the passenger side of the vehicle. The CS and VU then had a brief conversation during which time the CS asked VU to bring the "stuff" over to her. VU then walked westbound through the parking lot and eventually walked to a silver 1998 Lexus 4-door bearing California license 4VIG694. This vehicle was driven by Lam Thanh NGUYEN and there was a passenger in the

3

back seat. VU was observed walking to this vehicle and getting into the front passenger seat. NGUYEN, with VU and the passenger, then drove the silver Lexus westbound through the parking lot, eventually parking directly to the north of the CS's vehicle. VU exited the vehicle and got into the passenger side of the CS's vehicle and had a conversation. During this conversation, VU stared intently into the front passenger compartment of the CS's vehicle. The CS advised VU that he needed to bring the "stuff" to her vehicle. VU then exited the passenger side of the CS's vehicle as VU looked on. As VU passed the passenger's window, the truck latch released. As VU exited the CS's vehicle, he did appear to have any keys or wireless transmitters that could automatically unlatch the rear trunk. VU then opened the trunk and removed a large brown box and a Starbucks bag. VU carried these items to the CS's vehicle, then entered the vehicle. Once inside the vehicle, VU and the CS had a conversation during which VU advised the CS that the bags contained the "pills" and the "k" and that the CS owed him $18,500. The CS then advised VU that she had the money in the trunk and needed to retrieve it. At that time, the CS exited her vehicle, and gave the prearranged arrest signal. At that time, VU, NGUYEN and the passenger were all arrested. The passenger was later released.

10. Approximately 5000 tablet of MDMA and 70 vials of Ketamine were seized from the car. A field test on the seized tablets was conducted and it tested positive for the presence of MDMA.

11. On the evening of June 11, 2007, the court approved a warrant to search NGUYEN's residence located at 2233 Calabazas Blvd. in Santa Clara, California. DEA agents found some marijuana, baggies containing amounts of what appears to be Ketamine (packaged in a similar manner as that provided to the CS on or about June 6, 2007 by VU) and between 100-

earlier on June 11, 2007). The information in this paragraph is provided at least as circumstantial evidence of NGUYEN's actions and involvement before his arrest on June 11, 2007.

## Conclusion

Based upon the totality of the facts set forth in this Affidavit, I believe that there is probable cause to believe, and I do believe, that Khanh Dang VU and Lam Thanh NGUYEN knowingly and intentionally conspired to possess with the intent to distribute 3,4 Methylenedioxymethamphetamine, commonly known as MDMA, or Ecstasy, in violation of 21 U.S.C. Sections 841(a)(1) and 846.

MATTHEW W. RAMMES
Special Agent
Drug Enforcement Administration

Sworn to and subscribed before me
on this 12 day of June 2007

PATRICIA V. TRUMBULL
United States Magistrate Judge

5